UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

    v.

MANUEL CORONA CONTRERAS,

    Defendant and Movant.

_____/

No. CR 08–0083 PJH

**ORDER RE: MOTION**

Movant Manuel Corona Contrera is currently serving a sentence imposed by this court. Contreras pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. §§ 846 and 841(a)(1), and one count of distribution and possession with intent to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). On September 16, 2009, the court sentenced Contreras to 168 months in prison and five years supervised release.

On November 29, 2010, Contreras filed a "motion to show cause why 28 U.S.C. § 2255 should not be dismissed as untimely." The motion is incomprehensible, and the court is confused because: (1) this is the type of motion or order issued by the court and/or filed by the government *after* a federal prisoner has filed a motion to vacate his sentence under § 2255; and (2) to date, Contreras has *not* filed a § 2255 motion.

Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The court declines to construe the instant incomprehensible motion as one for relief under § 2255. To the extent that Contreras intended to file such a motion, he is required to submit a motion that more clearly sets forth his alleged claims for relief under § 2255 as set forth above.

Accordingly, the motion filed November 29, 2010, is DENIED as incomprehensible.

**IT IS SO ORDERED.**

Dated: December 2, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge