UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL CORONA CONTRERAS,<br>Defendant. | Case No. 08-cr-00083-03 PJH<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>Re: Dkt. No. 1058 |

Before the court is the pro se motion of Manuel Corona Contreras ("movant") to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) in light of Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). Doc. no. 1058. Having carefully considered the papers, the record, and relevant legal authorities, the court DENIES the motion for the following reasons.

I.  **Background**

On February 19, 2008, movant was charged via indictment for the following offenses: count one – conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii); count four – distribution and possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2; and count seven – distribution and possession with the intent to distribute fifty (50) grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2. Doc. no. 1. On September 25, 2008, a superseding indictment was filed, charging movant with the following offenses:  count one – conspiracy to distribute and possess with intent to

1  distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846,
2  841(a)(1), 841(b)(1)(A)(viii); count four – distribution and possession with intent to
3  distribute five hundred (500) grams or more of a mixture or substance containing a
4  detectable amount of methamphetamine, and aiding and abetting, in violation of 21
5  U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2; and count seven – distribution
6  and possession with the intent to distribute fifty (50) grams or more of methamphetamine,
7  and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18
8  U.S.C. § 2.  Doc. no. 134.

On May 20, 2009, movant pled guilty to counts one and seven pursuant to a plea agreement.  Doc. no. 273.  Count four of the superseding indictment was dismissed on the motion of the United States.  The statutory provisions for both of the counts to which movant pled guilty required ten years to life in prison.  In the plea agreement, the parties agreed that the appropriate sentence was 168 months imprisonment, 5 years supervised release, a $200 special assessment, and a fine and restitution as determined by the court.  Doc. no. 273 ¶ 8.  The Probation Office submitted a presentence report which determined that based on the amount of methamphetamine at issue, movant's base offense level under the advisory Sentencing Guidelines was 38.  Movant's offense level was increased by two levels because of his role in the charged offenses, but was reduced by three levels based on his acceptance of responsibility, resulting in an adjusted offense level of 37, as the parties agreed in the plea agreement.  Doc. no. 273 ¶ 7.  Based on movant's offense level and criminal history category, the presentence report calculated a guideline sentencing range of 210 to 262 months imprisonment.

On September 16, 2009, the court sentenced movant to 168 months imprisonment as to count one, and 168 months as to count seven, with both terms to be served concurrently; five years of supervised release as to both counts, to run concurrently; and a $200 special assessment.  Doc. no. 406 (Judgment), amended by doc. no. 450. Although movant's charged offenses carried a guideline sentence of 210 to 262 months, the court accepted the parties' plea agreement and sentenced him below the guideline

range to the parties' recommended sentence of 168 months in prison, based on consideration of relevant 18 U.S.C. § 3553(a) factors. Statement of Reasons.

On January 23, 2015, movant filed a request to appoint counsel to assist him with a motion to reduce sentence under § 3582(c)(2), in light of Amendment 782. Doc. no. 1051. On January 29, 2015, the court ordered movant to submit a financial affidavit to demonstrate that he qualified for appointment of counsel. Doc. no. 1053. On February 23, 2015, movant submitted a financial affidavit. Doc. no. 1055. On February 23, 2015, movant also filed a motion for reduction of sentence. Doc. no. 1058. On February 25, 2015, upon review of movant's financial affidavit, the court granted his motion for appointment of counsel to assist him on his § 3582(c)(2) motion. Doc. no. 1059.

## II. Discussion

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012) (quoting § 3582(c)). However, § 3582(c)(2) provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Effective November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G § 2D1.1, applicable to sentences imposed for certain drug-related convictions. Although Amendment 782 may be applied retroactively to previously-sentenced defendants, the court may not order a reduction in sentence based on Amendment 782 unless the effective date of the order reducing the term of imprisonment is November 1, 2015, or later. U.S.S.G. § 1B1.10(e)(1).

On March 1, 2015, the Federal Public Defender's Office filed a statement of non-intervention with respect to the instant motion to reduce sentence. Doc. no. 1060. The

Federal Public Defender's Office stated that upon review of the motion to reduce sentence, it did not seek appointment or leave to intervene in the motion. *Id.* On August 31, 2015, the Probation Office filed a sentence reduction investigation report addressing whether movant is entitled to a sentence reduction under Amendment 782. Doc. no. 1075. The Probation Office reviewed movant's presentence report, as well as the statement of reasons, which revealed that movant received a downward variance based on 18 U.S.C. § 3553(a)(1) factors. *Id.* The Probation Office noted that movant's original guideline sentence range was 210 to 262 months, but the court imposed a below-guideline sentence of 168 months. *Id.* The Probation Office indicated that under Amendment 782, movant's offense level is reduced by two levels, to an offense level of 35, resulting in an amended guideline range of 168 to 210 months. However, the Probation Office did not recommend a further reduction in sentence in light of the directive in U.S.S.G. § 1B1.10(b)(2)(A), which states that, except in the case of substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum guideline range." The Probation Office concluded that since the minimum sentence under the amended guideline range is 168 months imprisonment, which is the original sentence imposed by the court, movant is not eligible for a reduction in his sentence. *Id.*

In a letter to the court dated March 27, 2015, movant stated that he received the sentence reduction investigation report by the Probation Office, informing movant that he did not qualify for a sentence reduction because the original guideline sentencing range was 210 to 262 months, and the court imposed a sentence of 168 months. Doc. no. 1064. Movant acknowledged the directive of U.S.S.G. § 1B1.10(b)(2)(A) "which states that, except in the case of Substantial Assistance, the court shall not reduce the defendant's term of imprisonment to a term less than the minimum." *Id.* Movant indicated that "[e]ven know [sic] all the facts are clear, I would appreciate if the court will allow me a reduction of my sentence based on the fact that I been [sic] incarcerated

since 2008 but more important I have spend [sic] my time in prison to enhance my education and making sure I will not go back to use drugs or deal drugs ever again. . . ." Movant further stated, "I understand the Court has every right not to allow me to file for a reduction of time," but asked the court to "consider my plea for a reduction of time based again on everything I have done to make sure I am a productive member of society once I am release [sic] from prison." *Id.*

In this case, U.S.S.G. § 1B1.10(b)(2)(A) prohibits the court from reducing movant's sentence below the low end of his revised guideline range, as adjusted by Amendment 782. Because movant was sentenced to a prison term of 168 months, which is at the low end of the revised guideline range of 168 months to 210 months, movant is not eligible for a further reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The motion for sentence reduction is therefore DENIED.

Furthermore, to the extent that movant asks the court to reduce his sentence as a discretionary matter, the request is DENIED on the ground that the court lacks jurisdiction to modify the sentence, absent eligibility for relief pursuant to 18 U.S.C. § 3582(c)(2) or for a reduction for substantial assistance pursuant to Rule 35, which is not applicable here. *See* 18 U.S.C. § 3582(c).

**III. Conclusion**

For the foregoing reasons, the motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge